# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ROSALYN MARIE PERKINS,**

    **Plaintiff,**

    v.

**JOHNSON COUNTY COMMUNITY COLLEGE,**

    **Defendant.**

Case No. 17-2126-DDC-GLR

## REPORT AND RECOMMENDATION ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND ORDER ON MOTION TO APPOINT COUNSEL

Before the Court are Plaintiff's two motions: Motion for Leave to Proceed In Forma Pauperis (ECF 3) and Motion to Appoint Counsel (ECF 4). For the following reasons the Court recommends to District Judge Daniel D. Crabtree that the first motion be denied. The undersigned Magistrate Judge Court denies the second motion.

### I. Motion to Proceed In Forma Pauperis

Plaintiff requests leave to proceed in forma pauperis. Accompanying her request is the requisite financial affidavit. Under 28 U.S.C. § 1915(a)(1), the court may authorize commencement of any suit, action or proceeding, civil or criminal, without prepayment of fees upon submission of a financial affidavit that shows the applicant is unable to pay such fees. To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees.[1]

A review of Plaintiff's financial affidavit indicates that Plaintiff has not shown a financial inability to pay the required filing fee. She is single with no dependents. She is currently

---

[1] *Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

employed in two capacities (training coordinator at Defendant, Johnson County Community College, and piano player at church). She owns a house with a minimal mortgage remaining. She owns two cars, a 2005 Acura TL and a 2004 Honda Accord. She has $125 in her bank account. Her monthly income is approximately $2,093.00. Her monthly expenses total approximately $1,329. She therefore has a monthly net income of $764. Given these facts, Plaintiff has not shown she is unable to pay the fee. The undersigned recommends to the District Judge that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF 3) be denied.

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## II. Motion to Appoint Counsel

Plaintiff also seeks appointment of counsel. (ECF 4.) In civil cases, there is generally no constitutional right to the appointment of counsel.[2] Section 1915(e)(1) allows the Court to appoint counsel, but this provision "is limited to person proceeding *in forma pauperis* and does not provide a statutory right to counsel."[3] Because the Court recommends her motion to proceed in forma pauperis be denied, it would be improper to appoint counsel pursuant to § 1915(e).

Even if Plaintiff were proceeding in forma pauperis, the Court would decline to appoint counsel, given the claim Plaintiff proposes by her complaint. In deciding whether to appoint counsel, the court should consider the merits of the prisoner's claims, the nature and complexity

---

[2] *Cox v. LNU*, 924 F. Supp. 2d 1269, 1279 (D. Kan. 2013).

[3] *Id.* (emphasis in original.)

of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims.[4] Plaintiff generally claims employment discrimination for not being promoted and retaliation, apparently for asserting a claim with the EEOC, ostensibly based upon her race or color as African American. But her complaint hardly asserts sufficient facts to create a colorable claim of discrimination. The Court concludes in this case that (1) Plaintiff has hardly asserted a colorable claim; (2) the issues raised by her complaint are certainly not complex; and (3) the Court finds nothing to suggest that she herself is incapable to adequately present facts and arguments in support of her complaint. The Court therefore denies Plaintiff's Motion to Appoint Counsel (ECF 4).

**IT IS THEREFORE RECOMMENDED** to the District Judge that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF 3) be denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF 4) is denied.

A copy of this Report and Recommendation and Order is directed to be sent to Plaintiff Rosalyn Marie Perkins by certified mail.

Dated April 17, 2017, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[4] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).