IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROSALYN MARIE PERKINS,**

       **Plaintiff,**

v.

**JOHNSON COUNTY COMMUNITY COLLEGE,**

       **Defendant.**

Case No.  17-cv-2126-DDC-GLR

## MEMORANDUM AND ORDER

On February 27, 2017, plaintiff Rosalyn Marie Perkins filed a Complaint against defendant Johnson County Community College.  In her Complaint, she alleges that defendant discriminated against her on the basis of race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000 *et seq.*  Doc. 1.  Plaintiff also filed a Motion to Proceed Without Prepayment of Fees (Doc. 3) and a Motion for Appointment of Counsel (Doc. 4).

On April 17, 2017, United States Magistrate Judge Gerald L. Rushfelt entered a Report and Recommendation denying plaintiff's Motion to Appoint Counsel and recommending that the court deny plaintiff's Motion to Proceed Without Prepayment of Fees.  Doc. 5.  Judge Rushfelt noted in his Report and Recommendation that plaintiff may serve and file specific written objections to the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72 within 14 days after service.  *Id.* at 2.  Judge Rushfelt also explained that if plaintiff failed to file timely objections, she would lose her right to appellate review by any court.  *Id.*  The docket reflects that plaintiff received service of the Report and Recommendation on May 8, 2017.  Doc.

7 (Certified Mail Receipt). The deadline for plaintiff to file objections was May 22, 2017. Plaintiff has filed no objections to Judge Rushfelt's Report and Recommendation.

If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted). The court may adopt Judge Rushfelt's Report and Recommendation without review. *Id.* (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)). While not obligated to do so, the court has decided to review Judge Rushfelt's Report and Recommendation. It agrees with his assessment of plaintiff's Motion to Proceed Without Prepayment of Fees.

Under 28 U.S.C. § 1915(a)(1), the court may authorize a plaintiff to commence an action without prepaying fees after the plaintiff submits an affidavit demonstrating an inability to pay. The court has broad discretion to grant or deny permission to proceed in forma pauperis. *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006). But the court cannot act arbitrarily or deny an application on erroneous grounds. *Id.* "[T]he movant must show a financial inability to pay the required filing fees." *Id.* (quoting *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)).

Plaintiff's attached financial affidavit asserts that she is single with no dependents and that she holds two jobs. She also asserts that she owns a home and two cars. Finally, plaintiff states that, after expenses, her monthly net income is $764. Given these facts, plaintiff has not shown that she is unable to pay the filing fee. The court adopts Judge Rushfelt's Report and Recommendation (Doc. 5) in its entirety and thus denies plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3).

3

**IT IS THEREFORE ORDERED BY THE COURT THAT** the court adopts Judge Rushfelt's Report and Recommendation in its entirety (Doc. 5).  The court denies plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3).  The court orders plaintiff to pay the filing fee within 30 days of the date of this Order.  If plaintiff fails to pay the filing fee within 30 days, the court may dismiss her case.

**IT IS SO ORDERED.**

**Dated this 21st day of July, 2017, at Topeka, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**